

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**FILED**

JUN - 7 2007

TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

MAZIE  GREEN

    Plaintiff

      v.

Jury Trial Demanded

CIVIL ACTION NO.  5: 07- 0369

CSX HOTELS, INC., d/b/a THE GREENBRIER HOTEL

    Defendant

## COMPLAINT

1.  This action is commenced by Mazie  Green, Plaintiff, appearing pro se, for discrimination in employment pursuant to:

    a.  Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. section 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub.L.No. 102-166) (race, color, gender, religion, national origin)

    b.  The Americans with Disabilities Act of 1990, as codified, 42 U.S.C. section 12111-12117 (amended by the Civil Rights Act of 1991, Pub.L.No. 102-166).

2.  Jurisdiction is specifically conferred upon this United States District Court by the aforementioned statutes, as well as 28 U.S.C. section 1331, 1343.  Jurisdiction may also be appropriate under 42 U.S.C. section 1981, 1983, and 1985(3) as amended by the Civil Rights Act of 1991. Pub.L.No. 102-166, and any related claims under West Virginia law.

Mazie Green v. CSX Hotels, Inc. d/b/a The Greenbrier

Complaint

Page 2

3. Plaintiff's address is 205 Heatherton Drive, Covington, VA 24426.

4. Defendant's address is 300 West Main Street, White Sulphur Springs, WV 24986.

5. Defendant employs over 1500 people and is the employer at all times relevant to this claim of discrimination.

6. Plaintiff was employed by the Defendant from July 10, 1979 to November 8, 2004.

7. A RIGHT TO SUE letter was issued by the Equal Employment Opportunity Commission on May 29, 2007. It was received by the Plaintiff on June 2, 2007.

8. The Plaintiff alleges that The Greenbrier violated Title VII of the Civil Rights Act of 1964 and The Americans with Disabilities Act of 1990. The Defendant regarded the Plaintiff as disabled and intentionally refused to allow her to return to work. The Defendant refused to accommodate the Plaintiff, although this had been done for a waitress of a different race. The Defendant harassed the Plaintiff by repeatedly requiring functional capacity exams that were not job related. The Defendant retaliated against the Plaintiff by terminating her for questioning their requirement of functional capacity exams, requesting accommodation, and filing complaints with the West Virginia Human Rights Commission and the Equal Employment Opportunity Commission. All are protected activities. The Plaintiff worked for The Greenbrier for 25 years prior to her termination. On April 12, 2002 she was injured working as a waitress. Prior to being released for work, on August 1, 2002 the Defendant harassed the Plaintiff and stated that she had been released for work by her physician and demanded that she come in for a job interview for a checker. The Plaintiff was released by her physician to return to work on October 1, 2002. She

Mazie Green v. CSX Hotels, Inc. d/b/a The Greenbrier

Complaint

Page 3

worked until approximately October 10, 2002 and was advised to take extra time off because her supervisor felt she should not have been released for work yet. The Plaintiff continued treatment with her physician. On March 24, 2003 her physician released her for work. The Defendant refused to allow the Plaintiff to return to work and demanded a functional capacity exam. The Defendant cancelled the Plaintiff's life insurance and short-term disability while awaiting this exam. After delays the Defendant's exam was scheduled on June 11, 2003. The Plaintiff failed the exam according to the examiner. The examiner stated no modified or alternative work was available for the Plaintiff. Work hardening was demanded for 4 weeks and then the Plaintiff could return to work. The Plaintiff requested modified work. The Defendant refused to allow modified work. Four weeks of work hardening was completed at the end of July and the Plaintiff was informed that she had to have another functional capacity exam. The exam was scheduled approximately one month later. The Plaintiff was told she failed this exam because of decreased strength. The Plaintiff requested accommodation. The Defendant ignored the Plaintiff's request. The Plaintiff questioned her union whether she had been fired and why she could not return to work. The Plaintiff's union informed her that she had not been fired and should request additional treatment and functional capacity exams. The Plaintiff requested accommodation. The Defendant ignored the request. On October 13, 2004 another physician's release was presented to the Defendant. A third functional capacity exam was demanded. The exam was scheduled October 19 and 21, 2004. On November 13, 2004 the Plaintiff was informed by certified mail that she had failed this exam and was terminated effective November 8, 2004..

Mazie Green v. CSX Hotels, Inc. d/b/a The Greenbrier

Complaint

Page 4

9. The Plaintiff complains of the following types of actions by the Defendant:

   a. Failure to provide a reasonable accommodation

   b. Wrongful termination of employment

   c. Harassment on the basis of unequal terms and conditions of my employment

   d. Retaliation because of complaining of discrimination and requesting accommodation

10. Defendant's conduct is discriminatory with respect to:

   a. Race

   b. Disability (perceived as being disabled by my employer)

11. The Plaintiff believes The Defendant has intentionally discriminated and continues to discriminate in violation of the aforementioned laws.

**WHEREFORE**, the Plaintiff respectfully requests a Trial by Jury and this Court grant such relief as may be appropriate including injunctive orders, back pay, punitive and compensatory damages up to $300,000, costs, attorney fees, and re-instatement with full benefits to her job as a waitress in Draper's Café at The Greenbrier.

Dated: 6/5/07

Mazie C. Green

205 Heatherton Drive

Covington, VA 24426

